**William R. BELL, Plaintiff,**

v.

**Robert HAMPTON, President, Milwaukee Better Business Bureau and Lynda Price, Assistant to Robert Hampton, Defendant.**

No. 73–C–196.

United States District Court,
E. D. Wisconsin.

Oct. 9, 1973.

William R. Bell, pro se.

Steven E. Keane, Foley & Lardner, Milwaukee, Wis., for Price.

Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for Hampton.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaint in this civil action states that the plaintiff "seeks a Declaration of his Constitutional Right to enjoy the Due Process of Section 1718 of

Title 18, United States Code, flowing to him as prescribed and provided by Amendment Fourteen of the United States Constitution. . . ." The plaintiff also seeks "the writ of this court upon the defendant which will serve to prohibit and enjoin the Defendant from violating" the above-alleged right. The defendants have moved to dismiss both the complaint and an amendment thereto on several grounds. Alternatively, or in the event dismissal is ordered and repleading is allowed, the defendants seek an order requiring the plaintiff to assert his claim in numbered paragraphs.

The plaintiff's complaint and amendment evolve out of the publication by the Milwaukee Better Business Bureau of several unfavorable references to the plaintiff. He suggests that those references were libelous and seeks to enjoin such publication in the future.

The plaintiff has failed to assert, as required by Rule 8(a), Federal Rules of Civil Procedure, a basis for this court's jurisdiction. Neither citizenship nor requisite amount in controversy are alleged to support diversity jurisdiction. Since the requisite amount is not alleged, no basis for general federal question jurisdiction exists, as well. Finally, the plaintiff fails to assert a basis for special federal question jurisdiction not requiring a specific amount in controversy.

It appears that the plaintiff relies on the provisions of 18 U.S.C. § 1718 for this court's authority to act. That statute is part of the postal laws section of the criminal code. It allows the United States Attorney to prosecute criminally individuals who deposit in the mails material with libelous matter on the envelope or outside cover. It does not grant federal courts jurisdiction to entertain civil actions where such material is alleged to exist.

It also appears that the plaintiff has failed to state a claim upon which relief can be granted. He objects to past publications alleged to have been effected by the defendants. However, he does not seek compensatory or punitive damages for those publications; he seeks to enjoin similar publications in the future. The relief requested would not be available even if jurisdiction were present, at least in the absence of highly unusual circumstances which are not present here. Enjoining future publications would constitute a prior restraint not permitted by the first amendment. Organization for a Better Austin v. Keefe, 402 U.S. 415, 419–420, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).

There are other apparent deficiencies in the plaintiff's pleadings, however I do not believe that they need be considered. The failure to assert a basis for federal jurisdiction or to assert a claim for which relief may be granted are sufficient to warrant dismissal of the complaint and amendment thereto. If the plaintiff wishes to avail himself of the opportunity which will be given to him to replead, he should give serious consideration to the other objections raised by the defendants. Furthermore, any new complaint should be presented in separately numbered paragraphs.